Ruffin, C. J.
 

 The Court is of opinion, that the depositions ought not to have been suppressed. It is true, that, under the notice, it might be possible for the plaintiff to impose on the defendants the necessity of an inconvenient detention, or practise a surprise on them, as by not obtaining the attendance
 
 of
 
 the witnesses or not proceeding
 
 *431
 
 to examine them, until the term of nine days, embraced in the notice, was near expiring, or when, the opposite parties happened not to be present. It need not be said, if such appeared to have been the course of the plaintiff, or if there were any just grounds for suspecting that he intended such abuses, this Court would at once concur with his Honor. But we do not perceive any such ground of suspicion. Then umber of witnesses was considerable, and it could not easily be anticipated how long it might require, under prolix cross-examinations, to take the depositions, or that some of the witnesses might not be able to attend on the earlier of the days. It would have been quite proper for the plaintiff, as is common, to have given the notice, that he would take the depositions on a particular day, and from day to day thereafter, until completed, As acted on, this was in substance a notice of that kind, and was intended so to be, as far as we can see. For the plaintiff collected his witnesses on the first day and proceeded immediately to examine them to the large number of twenty*six ; thus shewing an intention to take his evidence in good faith and without imposing any unnecessary or avoidable inconvenience on the defendants. The objection could not, therefore, have been sustained, if it had been taken by a defendant, who was not present at the taking of the depositions. But neither the infant defendant, nor Maultsby, complained of the Master’s order, and the appeal, therefore, was taken by John A. Robeson alone, who lived within two miles of the place of taking the depositions, and was present during the whole time of taking them. The pleadings are not before us on the present appeal, and we are not informed of any interest of that defendant in the attendance of the others, which can give him a right to insist on an error against them, which they think proper to acquiesce in. At all events, then, it was erroneous to reverse the decision of the Master at the instance of that defendant by himself.
 

 
 *432
 
 The opinion of the Court, therefore, is, that the order of his Honor must be reversed, and that of the Master,, allowing the depositions to he read, affirmed, with costs in this Court,
 

 Per Curiam.
 

 Ordered accordingly.